Filed 7/29/16  P. v. Matthews CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. VANNIL MATTHEWS, Defendant and Appellant. | D068033 (Super. Ct. Nos. SCD251244, SCD256358) |

APPEAL from a judgment of the Superior Court of San Diego County, Sharon B. Majors-Lewis, Judge.  Affirmed in part; reversed in part.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Scott C. Taylor and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

In 2014, a jury convicted Vannil Matthews for selling and possessing cocaine (Health & Saf. Code, §§ 11352, subd. (a), 11351.5) and resisting an officer (Pen. Code,[1] § 69) in connection with a 2013 undercover drug transaction. (San Diego County Superior Court No. SCD251244, herein, the drug case.) In 2015, Matthews pled guilty to assault with a deadly weapon (§ 245, subd. (a)(4)) and misdemeanor delaying a peace officer (§ 148, subd. (a)(1)) in connection with a 2014 incident. (San Diego County Superior Court No. SCD256358, herein, the assault case.) At the sentencing hearing in April 2015, the court imposed a 16-year, 8-month sentence in the drug case and a concurrent 4-year sentence in the assault case. The court imposed restitution and parole revocation fines (§§ 1202.4, 1202.45) of $10,000 in the drug case and $1,200 in the assault case.

On appeal, Matthews challenges his conviction under section 69 and his suspended sentence for cocaine possession in the drug case. He also challenges the restitution fine imposed in both cases, claiming the court failed to consider his inability to pay. We conclude the trial court committed sentencing error in the drug case by not applying the amended sentencing statute for possession and by applying the status enhancements under Health and Safety Code section 11370.2 twice in calculating his total sentence. We further conclude Matthews suffered ineffective assistance when his trial counsel failed to object to the $10,000 restitution fine in the drug case. We correct these errors by reducing Matthews's suspended sentence for cocaine possession in the

_____

1       Further statutory references are to the Penal Code, unless otherwise specified.

2

drug case from four years to three years and striking the second set of status enhancements attached to that count. We also reduce the restitution fine and corresponding parole revocation fine in the drug case from $10,000 to $280. In all other respects, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Drug Case (No. SCD251244)*

On October 2, 2013, an undercover officer handed Ronald Massey a "prerecorded" $20 bill and asked for help purchasing a "dub," or $20 worth of rock cocaine.[2] Massey led the officer to Matthews. Matthews gave Massey a small item, stipulated at the preliminary hearing to be a piece of rock cocaine, in exchange for the prerecorded $20 bill. The officer took the item from Massey and gave him a prerecorded $5 bill. The officer signaled to uniformed San Diego police officers, who soon arrived at the scene. A struggle ensued as Matthews tried to evade arrest.[3] Officer Adam Schrom eventually handcuffed Matthews and recovered the prerecorded $20 and $5 bills, a tan plastic bindle containing 0.27 grams of cocaine base, and a white plastic bindle containing 2.39 grams of cocaine base from the scene.

Matthews was charged with selling cocaine base (Health & Saf. Code, § 11352, subd. (a) [count 1]), possessing cocaine base for purposes of sale (Health & Saf. Code,

---

[2]    At trial, the undercover officer testified the bill was photocopied before the sting operation to record its denomination and serial number.

[3]    To avoid repetition, we describe Matthews's struggle with Officer Schrom in the discussion section.

3

§ 11351.5 [count 2]), and resisting an officer (Pen. Code, § 69 [count 3]). The information alleged four drug sales priors and three prison priors. The court granted Matthews's motion to bifurcate trial of the priors from trial on the charged offenses.

Proceedings were suspended twice in 2014 for competency determinations (§ 1368), and the trial court found Matthews competent to stand trial both times. On November 7, 2014, a jury convicted Matthews of all three counts. At a separate hearing, the court made a true finding as to all four sales priors and all three prison priors alleged in the information.

B.      *Assault Case (No. SCD256358)*

Matthews was briefly released in May 2014, while proceedings in the drug case remained pending. Days after his release, on May 30, 2014, Matthews stood in the middle of the street shirtless, pacing, and growling. He swung a 6-foot pole weighing between 50 and 75 pounds at passing vehicles and pedestrians and hurled it at a car, narrowly missing a driver. When San Diego Police arrived, Matthews charged at the police vehicle, pounded on the window, and tried to lift the front of the vehicle while making growling noises. Officers tried, without success, to demobilize him with a beanbag shotgun. They used Tasers to eventually take him into custody.

Matthews was charged by information, but the case ended in a mistrial. On March 23, 2015, the date set for retrial, Matthews pled guilty to charges of felony assault (§ 245, subd. (a)(4)) and misdemeanor resisting an officer (§ 148, subd. (a)(1)).

4

C.    *Sentence and Appeal*

On April 22, 2015, the court held a sentencing hearing in both cases and adopted the recommendations in the probation officer's reports. While recognizing Matthews had obvious mental health problems, exacerbated by substance abuse, the court ruled his guilty plea for felony assault precluded probation and imposed a lengthy prison term.

In the drug case, the court imposed a sentence of 4 years for sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)), with a consecutive 8-month term for resisting arrest (Pen. Code, § 69). The court imposed three consecutive 3-year terms for the sales priors (Health & Saf. Code, § 11370.2, subd. (a)) and three 1-year terms for the three prison priors (Pen. Code, § 667.5, subd. (b)).[4] The court imposed a 4-year sentence for possessing a controlled substance for sale (Health & Saf. Code, § 11351.5), with three 3-year enhancements for the sales priors (Health & Saf. Code, § 11370.2, subd. (a)), and stayed that sentence pursuant to Penal Code section 654.[5] Finally, the court imposed a restitution fine of $10,000 (Pen. Code, § 1202.4, subd. (b)) and a parole revocation fine in the same amount (Pen. Code, § 1202.45).

---

[4]    Although the court made a true finding on all four sales priors in the drug case, it did not impose additional prison time as to the fourth sales prior.

[5]    Section 654 prohibits double punishment for an indivisible course of conduct. (See *People v. Kwok* (1998) 63 Cal.App.4th 1236, 1252-1253; *People v. Coleman* (1989) 48 Cal.3d 112, 162; *People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)

In the assault case, the court imposed an upper term of 4 years for felony assault (§ 245, subd. (a)(1)), to run concurrent to his sentence in the drug case.  The court sentenced Matthews to 365 days for misdemeanor delaying an officer (§ 148, subd. (a)(1)), with credit for time served.  Finally, the court imposed a restitution fine of $1,200 (§ 1202.4, subd. (b)) and a parole revocation fine in the same amount (§ 1202.45).[6]

Matthews timely appealed.[7]

## DISCUSSION

Matthews challenges his conviction for resisting an officer (§ 69), his sentence for drug possession (Health & Saf. Code, § 11351.5), and status enhancements to his sentence for drug possession (Health & Saf. Code, § 11370.2) in the drug case.  He also challenges the restitution fines imposed in both cases.  We address his arguments in turn.

## I.

### CONVICTION FOR RESISTING AN OFFICER (§ 69)

In the drug case, the jury convicted Matthews of resisting an officer, in violation of section 69.  Matthews argues his conviction should be reversed on several grounds.  First, he contends the court's use of a modified version of CALCRIM No. 2652 erroneously allowed the jury to convict if it found Matthews resisted Officer Schrom by "threat," rather than by "force or violence."  He argues his challenge is cognizable on

---

[6]     The court also imposed fines and fees that are not germane to this appeal.

[7]     Matthews challenges both his conviction and sentence.  "In a criminal case, judgment is rendered when the trial court orally pronounces [the] sentence." (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.)  Matthews's appeal, filed 15 days after his sentence, is timely.  (Cal. Rules of Court, rule 8.308(a).)

6

appeal, despite his attorney's failure to object below. Alternatively, Matthews argues he suffered ineffective assistance of counsel when his attorney failed to object to the modified instruction. Second, Matthews argues substantial evidence does not support his conviction for resisting an officer. Each of these contentions lacks merit.

A.      *Legal Principles and Background*

Section 69 imposes criminal liability for "[e]very person who attempts, by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or who knowingly resists, by the use of force or violence, such officer, in the performance of his duty." The statute encompasses two separate offenses. (*In re Manuel G.* (1997) 16 Cal.4th 805, 814.) "The first is attempting by threats or violence to deter or prevent an officer from performing a duty imposed by law; the second is resisting by force or violence an officer in the performance of his or her duty." (*Ibid.*) The two violations are labeled "attempting to deter" an officer and "actually resisting an officer." (*People v. Lopez* (2005) 129 Cal.App.4th 1508, 1530; *People v. Carrasco* (2008) 163 Cal.App.4th 978, 984.)

The two violations have distinct elements. (*People v. Lopez, supra,* 129 Cal.App.4th at p. 1530.) "Attempting to deter" requires a specific intent to interfere with the officer's performance of his or her duties and can be established by a threat, unaccompanied by any physical force. (*In re Manuel G., supra,* 16 Cal.4th at p. 814; *People v. Nishi* (2012) 207 Cal.App.4th 954, 967.) By contrast, "actually resisting an officer" is a general intent crime that requires the use of force or violence. (*People v.*

7

*Rasmussen* (2010) 189 Cal.App.4th 1411, 1418.) CALCRIM No. 2651 pertains to "attempting to deter"; CALCRIM No. 2652 pertains to "actually resisting an officer."

The information alleged both types of offenses in count 3, but at trial, the prosecution relied solely on the theory Matthews actually resisted Officer Schrom. CALCRIM No. 2652 instructs a jury to evaluate whether the defendant "unlawfully used force or violence to resist an executive officer." However, the prosecutor gave the court a modified version of CALCRIM No. 2652 that instructed the jury to evaluate whether Matthews, "unlawfully, *by means of any threat or violence*, used force or violence to resist an executive officer." (Italics added.) Matthews's counsel did not object to the modified instruction, and the court approved it and read it to the jury.

B.     *Any Instructional Error Was Not Prejudicial and Did Not Result in Ineffective Assistance of Counsel*

Matthews contends the trial court committed reversible error by reading the modified version of CALCRIM No. 2652 to the jury. He claims the modified instruction allowed the jury to convict based solely on a "threat," rather than "force or violence."

The People contend Matthews forfeited his challenge by failing to object below. " 'Generally, a party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language.' [Citations.] But that rule does not apply when, as here, the trial court gives an instruction that is an incorrect statement of the law." (*People v. Hudson* (2006) 38 Cal.4th 1002, 1012.) We review the merits of any claim of instructional error that allegedly affects Matthews's substantial rights,

8

irrespective of whether Matthews's counsel objected below.  (§ 1259; *People v. Brown* (2012) 210 Cal.App.4th 1, 9 fn. 5.)

Turning to the merits, we conclude any instructional error was not prejudicial. Instructional error is normally subject to a *Watson* test for prejudice, which requires reversal if " 'it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error.' "  (*People v. Watson* (1956) 46 Cal.2d 818, 837.)  However, instructional error affecting an element of the charged offense is subject to the *Chapman* standard, requiring reversal unless the error is harmless beyond a reasonable doubt.  (*People v. Wilkins* (2013) 56 Cal.4th 333, 350; *Chapman v. California* (1967) 386 U.S. 18, 24.)  Under either standard, we conclude the insertion of the phrase, "by means of any threat or violence" in CALCRIM No. 2652 did not cause prejudice.

Matthews claims it was critical the jury was instructed of the "force or violence" requirement under section 69 because it was his defense at trial that he had not used any force or violence.  However, the court *did* instruct the jury it had to find Matthews "used force or violence" to resist Officer Schrom.  That the court *also* instructed the jury it had to find he used force or violence "by means of any threat or violence" was harmless; the superfluous clause did not eliminate or alter the requirement for the jury to find "force or violence."  (See *People v. Watt* (2014) 229 Cal.App.4th 1215, 1220 ["if the issue was necessarily decided under other instructions given, reversal is not required"].)

Moreover, the evidence Matthews used force to resist Officer Schrom was overwhelming and uncontroverted.  When Officer Schrom arrived, Matthews started

walking away. Officer Schrom exited his vehicle, identified himself, and ordered Matthews to stop, but Matthews kept walking. Officer Schrom put his hand on Matthews's shoulder; Matthews ducked under the officer's arm. Officer Schrom grabbed Matthews's shirt, but Matthews backed up, raising his arms into a potential "fighting position." Officer Schrom then redirected Matthews to the ground. Matthews tried to push and roll the officer off him "so he could push up on all fours and stand up." Officer Schrom had to knee Matthews in the side three times because he was trying to get away. Another officer helped Officer Schrom handcuff Matthews; they "had to pretty much carry him over to the car" because Matthews continued resisting. Once they reached the car, Matthews pressed his body against the vehicle to hamper their search. Matthews presented no evidence at trial to rebut this testimony.

Absent prejudice, Matthews also cannot demonstrate a violation of his Sixth Amendment right to effective assistance of counsel. A defendant claiming ineffective assistance must show objectively deficient performance by trial counsel *and* prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-218 (*Ledesma*).) "[P]rejudice must be established as ' "a 'demonstrable reality,' not simply speculation as to the effect of the errors or omissions of counsel." ' " (*People v. Montoya* (2007) 149 Cal.App.4th 1139, 1151; see *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241.) Matthews does not meet that burden. (See *People v. Vines* (2011) 51 Cal.4th 830, 876 ["even assuming for the sake of argument that trial counsel rendered deficient performance, defendant's claim would still fail for lack of prejudice"].)

C. *Substantial Evidence Supports the Conviction Under Section 69*

We likewise reject Matthews's contention his conviction should be reversed because there was insufficient evidence to prove the "force or violence" element of section 69. "[F]orceful resistance of an officer by itself gives rise to a violation of section 69." (*People v. Bernal* (2013) 222 Cal.App.4th 512, 520.) Uncontroverted evidence of Matthews's forceful attempt to escape from Officer Schrom plainly supports his conviction. (*Ibid.*)

Matthews's authorities do not suggest otherwise. *People v. Martin* (2005) 133 Cal.App.4th 776 explained that a defendant's purpose in using force or violence is immaterial; hence, a defendant who "jerked his body backwards and wrapped his leg around" an officer's leg in order to avoid arrest used force or violence within the meaning of the statute. (*Id.* at pp. 780, 782-783.) *People v. Carrasco, supra,* 163 Cal.App.4th 978 held a defendant who "had to be physically taken to the ground" and was " 'yelling, kicking, [and] cussing' " while squirming resisted an officer through force. (*Id.* at pp. 985-986 ["if appellant resisted the officers at all, he did so forcefully"].) *People v. Bernal, supra,* 222 Cal.App.4th 512 cited those two cases and concluded "force used by a defendant *in resisting* an officer's attempt to restrain and arrest the defendant is sufficient to support a conviction." (*Id.* at p. 519.) Matthews refused to obey orders, had to be physically taken to the ground, and tried to push up and roll from underneath Officer Schrom to avoid arrest. He continued resisting after he was handcuffed and required two officers to carry him to the car. Such evidence plainly supports his conviction under

11

section 69.  (*People v. Bernal, supra,* 222 Cal.App.4th at p. 519.; *People v. Carrasco, supra,* 163 Cal.App.4th at pp. 985-986.)

Matthews points to evidence the arrest took only 20 seconds and that Officer Schrom did not deploy a Taser or get injured.  He repeats his argument below that he tried to roll from under Officer Schrom to avoid being kneed.  However, our inquiry is limited to determining " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' "  (*People v. Holt* (1997) 15 Cal.4th 619, 667.)  We draw all reasonable inferences in support of the judgment and do not reweigh the evidence on appeal.  (*People v. Abillar* (2010) 51 Cal.4th 47, 60.)  Substantial evidence supports Matthews's conviction under section 69.

II.

SENTENCE FOR DRUG POSSESSION (HEALTH & SAF. CODE, § 11351.5)

In sentencing Matthews in April 2015, the trial court stated its intention to impose a middle term for his conviction on count 2 for drug possession (Health & Saf. Code, § 11351.5).[8]  Over defense objection, the court applied the sentencing scheme in place at the time of the 2013 drug offense, not the amended statute in effect at the time of sentencing.  The retroactive application of a statutory amendment is a pure question of

---

[8]    Health and Safety Code, section 11351.5 provides: "Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base . . . shall be punished by imprisonment . . . for a period of two, three, or four years."

law, subject to independent review. (*In re Chavez* (2004) 114 Cal.App.4th 989, 994.) We agree with both parties this was error.

At the time of Matthews's offense, the statute imposed imprisonment "for a period of three, four, or five years" for the possession of cocaine for sale. Effective January 1, 2015, the Legislature amended the term to "two, three, or four years." By reducing the sentence, the Legislature sought to equalize penalties for possession for sale of cocaine base and powder cocaine. (Sen. Bill No. 1010 (2013-2014 Reg. Sess.) §§ 1-2.)[9]

In general, legislative enactments are presumed to operate prospectively, unless express language or "a clear and compelling implication" compel retroactive application. (*People v. Vinson* (2011) 193 Cal.App.4th 1190; *People v. Alford* (2007) 42 Cal.4th 749, 753-754.) However, "[w]hen the Legislature amends a statute so as to lessen the punishment, it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the Legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could apply." (*In re Estrada* (1965) 63 Cal.2d 740, 744-745.) Thus, absent a savings clause, an amendment that mitigates punishment "will operate retroactively so that the lighter punishment is imposed" so long

---

[9]     (See generally, Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1010 (2013-2014 Reg. Sess.) as amended Aug. 11, 2014, p. 6 ["disparate sentencing guidelines for two forms of the same drug has resulted in a pattern of institutional racism . . . despite comparable rates of usage and sales across racial and ethnic groups"].)

13

as judgment was not yet final when the amendment took effect.[10] (*Id.* at pp. 745, 748 [defendant entitled to benefit of amended sentencing statute]; see *Nasalga, supra,* 12 Cal.4th at pp. 797-798 [same]; *People v. Vinson,* at p. 1199 [same].)

The amendment to Health and Safety Code section 11351.5 contains no savings clause or clear indication the Legislature intended only prospective application. The Legislature's aim was to *mitigate* punishment for those convicted of possessing cocaine base for sale. (Sen. Bill No. 1010 (2013-2014 Reg. Sess.) § 2.) Adhering to *Estrada* and *Nasalga*, we conclude Matthews was entitled to receive the benefit of the amendment, and the trial court's decision not to grant that benefit was erroneous.

Remand is unnecessary because the trial court explained how it intended to exercise its sentencing discretion. (*People v. Fuhrman* (1997) 16 Cal.4th 930, 944; *People v. Gutierrez* (1996) 48 Cal.App.4th 1894, 1986.) The court sought to impose the middle sentence, finding the crime did "not warrant the lower term" but was "not more extraordinary than any other sales case of this nature." Under the amended statute, the middle term is three years, not four. (Health & Saf. Code, § 11351.5.) We therefore modify the judgment to reduce the suspended sentence for count 2 in the drug case to three years.

---

[10]  For purposes of determining the retroactivity of an amendment to a criminal statute, a judgment is not final until the time to petition for writ of certiorari before the United States Supreme Court has passed. (*People v. Nasalga* (1996) 12 Cal.4th 784, 789 fn. 5 (*Nasalga*); *People v. Vieira* (2005) 35 Cal.4th 264, 306.)

## III.

### STATUS ENHANCEMENTS TO SENTENCE FOR DRUG POSSESSION
### (HEALTH & SAF. CODE, § 11370.2)

In the drug case, the trial court attached three 3-year enhancements for Matthews's prior drug convictions to the sentence for count 1, pursuant to Health and Safety Code section 11370.2, subdivision (a).[11] It then imposed and stayed these same enhancements as to count 2. We agree with both parties this was error.

Health and Safety Code section 11370.2 enhancements are status enhancements, "related to the offender, not to the particular counts." (*People v. Tillotson* (2007) 157 Cal.App.4th 517, 542.) As such, they "may be imposed only once in arriving at an aggregate sentence." (*Ibid.*; see *People v. Edwards* (2011) 195 Cal.App.4th 1051, 1059 ["in the absence of any express intention to create an exception to the rule that status enhancements apply only once, regardless of the number of counts of the conviction, we must presume that the Legislature did not intend that section 11370.2 enhancements attach to each qualifying count"].) Because the court applied the status enhancements to count 1 in the drug case, we strike the second set of status enhancements attached to the suspended sentence for count 2.

---

[11] Health and Safety Code section 11370.2, subdivision (a) provides: "Any person convicted of a violation of, or of a conspiracy to violate, Section 11351, 11351.5, or 11352 shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full, separate, and consecutive three-year term for each prior felony conviction of, or for each prior felony conviction of conspiracy to violate, Section 11351, 11351.5, 11352, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11380.5, or 11383, whether or not the prior conviction resulted in a term of imprisonment."

15

IV.

RESTITUTION (§ 1202.4)

The trial court imposed restitution fines of $10,000 in the drug case and $1,200 in the assault case (§ 1202.4). The court also imposed suspended restitution fines in the same amounts, to be imposed only if parole were revoked (§ 1202.45). Matthews challenges the restitution fines on grounds the court failed to consider his inability to pay. We conclude Matthews forfeited that challenge on appeal but find merit in his alternative claim he suffered ineffective assistance when his trial counsel failed to object to the $10,000 restitution fine in the drug case.

Section 1202.4 requires a trial court to impose a "separate and additional restitution fine" in every case a person is convicted of a crime, unless it "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subds. (b) & (c).) "A defendant's inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine." (§ 1202.4, subd. (c).) Instead, a defendant's inability to pay only becomes a factor if the court decides to impose a restitution fine above the statutory minimum. (*Ibid.*)

The statute defines the minimum restitution fine and gives the trial court discretion to impose a fine of up to $10,000. (§ 1202.4, subd. (b)(1).)[12] The fine must be "commensurate with the seriousness of the offense." (*Ibid.*) The court may use a formula

---

[12] The 2013 drug offense was subject to a $280 statutory minimum, whereas the 2014 assault was subject to a $300 minimum. (§ 1202.4, subd. (b)(1).)

16

to set the fine that multiplies the statutory minimum "by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b)(2).)

Regardless of whether the court uses the formula, if the court imposes a restitution fine above the statutory minimum, it "shall consider any relevant factors, including, but not limited to, the defendant's inability to pay, the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).) A defendant bears the burden to prove inability to pay. (*Ibid.*) Express findings are not required. (*Ibid.*)

The trial court did not provide reasons or make findings supporting its imposition of a $10,000 restitution fine in the drug case and $1,200 restitution fine in the assault case. The amounts follow the recommendations in the probation officer's reports and may have been calculated using the formula in section 1202.4, subdivision (b)(2).[13]

---

[13] To the extent the probation officer's report used the formula to recommend a $10,000 restitution fine in the drug case, it misapplied the formula by considering all three counts. The fine cannot be based on count 2, which was stayed pursuant to section 654. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 483; *People v. Le* (2006) 136 Cal.App.4th 925, 934.) Applying the formula in section 1202.4, subdivision (b)(2) to the remaining two counts would yield a restitution fine of $9,335 ($280 x 16.67 years x 2 counts). The formula appears to have been properly applied in the assault case ($300 x 4 years x 1 felony count = $1,200).

The crux of Matthews's argument is that he was a 52-year-old homeless, unemployed drug addict with mental health problems, lacking any ability to pay the fines imposed. He challenges the restitution fines imposed based on his inability to pay.[14] However, Matthews forfeited that challenge on appeal by failing to object at the sentencing hearing. The "application of the forfeiture bar to sentencing matters is of recent vintage." (*People v. McCollough* (2013) 56 Cal.4th 589, 594.) The forfeiture bar applies to challenges to restitution fines under section 1202.4 and precludes appellate review here. (*People v. Gamache, supra,* 48 Cal.4th at p. 409; *People v. Nelson* (2011) 51 Cal.4th 198, 227; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468 [decided under former Gov. Code, § 13967].)[15]

Anticipating this result, Matthews contends his counsel's failure to object violated his Sixth Amendment right to effective assistance of counsel. To prevail, Matthews must show his counsel's performance fell below a standard of reasonable competence, resulting

---

[14] Matthews argues the trial court failed to consider his inability to pay, as required under section 1202.4, subdivision (d). However, because "the trial court was not obligated to make express findings concerning his ability to pay, the absence of any findings does not demonstrate it failed to consider this factor." (*People v. Gamache* (2010) 48 Cal.4th 347, 409; see § 1202.4, subd. (d).) We instead construe Matthews's argument as a challenge to the sufficiency of the evidence supporting the trial court's implied findings under section 1202.4, subdivision (d).

[15] In *McCollough*, the court concluded the defendant's ability to pay a jail booking fee was a question of fact, not law, and the defendant could not transform the factual challenge into a legal one on appeal. (*People v. McCollough, supra,* 56 Cal.4th at p. 597.) The court explained, "[b]y 'failing to object on the basis of his [ability] to pay,' [a] defendant forfeits both his claim of factual error and the dependent claim challenging 'the adequacy of the record on that point.' " (*Ibid.*) The same rationale applies to the felony restitution fines at issue here.

in prejudice.  (*Strickland v. Washington, supra,* 466 U.S. at pp. 667-688; *Ledesma, supra,* 43 Cal.3d at pp. 216-217; *People v. Anderson* (2001) 25 Cal.4th 543, 569 (*Anderson*).)  "When a claim of ineffective assistance is made on direct appeal, and the record does not show the reason for counsel's challenged actions or omissions, the conviction must be affirmed unless there could be no satisfactory explanation."  (*Anderson,* at p. 569.)  Even where counsel's performance is deficient, the conviction must be upheld unless the defendant demonstrates he suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome.  (*Ibid.*; *Strickland v. Washington,* at p. 694; *Ledesma,* at p. 217.)

Generally, "the failure to object is a matter of trial tactics that an appellate court will seldom second-guess" (*People v. Carter* (2003) 30 Cal.4th 1166, 1209), but an exception applies when "there simply could be no satisfactory explanation" (*id*. at p. 1211).  Although " '[f]ailure to object rarely constitutes constitutionally ineffective legal representation' " (*People v. Gray* (2005) 37 Cal.4th 168, 207), the record compels that conclusion as to the restitution fine imposed in the drug case.[16]  "[A] defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent."  (*People v. Scott* (1994) 9 Cal.4th 331, 351.)  There simply could be

---

[16]     To be sure, as the People point out, trial counsel's performance was not rendered deficient merely because the fines cumulatively exceeded $10,000.  Matthews was sentenced in two separate cases, the drug case and the assault case.  Separate restitution fines in separate cases that cumulatively exceed $10,000 are not unauthorized.  (*People v. Soria* (2010) 48 Cal.4th 58, 64.)

no satisfactory explanation for counsel's failure to object to the $10,000 restitution fine in the drug case. We reach a different result as to the restitution fine imposed in the assault case, for reasons we explain below.

The facts are not disputed. At the time of sentencing, Matthews was 52 years old, homeless, unemployed for the past 14 years, and battling longstanding mental health and addiction issues. He served two tours of active duty in the United States Marines in the 1980's but had had been in and out of county jail and prison for drug-related offenses since his discharge in 1988.

To be sure, the court was entitled to consider Matthews's future earnings, both during incarceration and after his release. (§ 1202.4, subd. (d); *People v. Frye* (1994) 21 Cal.App.4th 1483, 1487; *People v. Dickerson* (2004) 122 Cal.App.4th 1374, 1380, fn. 8; *People v. DeFrance* (2008) 167 Cal.App.4th 486, 505.) However, there is no evidence Matthews would have any ability to pay the restitution fines imposed from future earnings. (Cf. *People v. DeFrance,* at p. 505.) Matthews was sentenced to a 16-year, 8-month term, with 1113 days of conduct and custody credits. Under current guidelines, Matthews could earn, at most, $56 per month in prison. (Dept. of Corrections and Rehabilitation, Operations Manual, § 51120.6, p. 359.) Out of that amount, only 40 percent would be credited toward his restitution fines under current regulations. (§ 2085.5, subd. (a); Cal. Code Regs., tit. 15, § 3097(f).) Thus, Matthews could credit at most $22.40 per month toward his restitution fines. In the roughly 13 years Matthews will serve after accounting for conduct and custody credits, he will be able to contribute around $3,500 from his prison wages. Upon his release, Matthews will be over 65 years

old with an extensive criminal record and no employment history for decades. There is no evidence to suggest Matthews could pay the remainder of the $10,000 restitution fine from future earnings.

A defendant's inability to pay is only one factor the court must consider under section 1202.4, subdivision (d). (*People v. DeFrance, supra,* 167 Cal.App.4th at p. 505.) If other factors supported the $10,000 restitution fine in the drug case, Matthews might be unable to establish that counsel's performance was constitutionally deficient. However, the other factors all lie in *Matthews's* favor. The drug case was a "victimless crime," an undercover police sting to buy $20 of cocaine. Matthews derived little economic benefit, and the seriousness and gravity of the offense were minor. (Cf. *People v. DeFrance,* at p. 505 [$10,000 restitution fine affirmed where "[d]efendant's crime was the most serious and grave"].) Although Matthews resisted arrest, he used only bodily force. The entire encounter lasted less than a minute, and Officer Schrom never deployed pepper spray, his Taser, or weapons to gain control. While section 1202.4 gives the trial court discretion to set the restitution fine, it must be "commensurate with the seriousness of the offense." (§ 1202.4, subd. (b)(1).) None of the factors support application of a fine greater than the statutory minimum in the drug case, and we cannot conceive of any tactical reason for counsel's failure to object.

Counsel's failure to object was prejudicial. Given that none of the factors supported a fine greater than the $280 statutory minimum in the drug case, it was reasonably probable that if trial counsel had objected, the court would have imposed a smaller restitution fine (and thus a smaller corresponding parole revocation fine) in that

21

case. (See *People v. Le* (2006) 136 Cal.App.4th 925, 935-936 [finding ineffective assistance based on trial counsel's failure to object to restitution fines]; *People v. Martinez* (2014) 226 Cal.App.4th 1169, 1190-1191 [same].)

We reach a different result as to the $1,200 restitution fine in the assault case. Unlike the drug case, there was a victim, the driver of the vehicle Matthews narrowly missed when he hurled the heavy 6-foot pole. (See § 1202.4, subd. (d) [losses may include "intangible losses, such as psychological harm caused by the crime"].) Factors such as the "seriousness and gravity of the offense and the circumstances of its commission" likewise support a fine greater than the statutory minimum. Matthews swung a 50- to 75-pound pole at passing vehicles and pedestrians and narrowly missed hitting a driver. When San Diego Police arrived, he charged at them and tried to lift the front of a police vehicle. The probation officer's report stated Matthews was fortunate that no one was physically hurt and officers were able to restrain him without lethal force. On the record before us, we cannot say trial counsel's failure to object to the restitution fine imposed in the assault case was objectively deficient or prejudicial.

We can envision cases in which it might be appropriate to remand for the trial court to impose restitution based on the factors in section 1202.4, subdivision (d). Here, however, the record does not support a fine greater than the statutory minimum in the drug case. We therefore reduce the restitution and parole revocation fines to the statutory minimum of $280 each in the drug case. (See, e.g., *People v. Walker* (1991) 54 Cal.3d 1013, 1029 [judicial economy warranted modifying judgment to reduce restitution fine to

22

statutory minimum rather than remand for determination of appropriate amount].)  We do not disturb the restitution and parole revocation fines in the assault case.

DISPOSITION

In No. SCD251244, the judgment is modified as follows: (1) as to count 2, the suspended sentence is reduced from four years to three years, and the status enhancements pursuant to Health and Safety Code section 11370.2 are stricken; (2) the restitution fine (Pen. Code, § 1202.4, subd. (b)(1)) and the parole revocation fine (Pen. Code, § 1202.45) are reduced from $10,000 to $280.

As so modified, the judgment is affirmed.  The clerk of the superior court is directed to prepare an amended abstract of judgment in these respects, and forward a certified copy of it to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:

BENKE, Acting P. J.

PRAGER, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.